**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

**SAN JOSE DIVISION**

| | |
|---|---|
| MELINA RAZAVI,<br><br>    Plaintiff,<br><br>v.<br><br>ELIZABETH STRICKLAND, et al.,<br><br>    Defendants. | Case No. 18-cv-01933-BLF<br><br>**ORDER ADOPTING REPORT AND RECOMMENDATION OF MAGISTRATE JUDGE; AND DISMISSING ACTION WITHOUT PREJUDICE**<br><br>[ECF 1, 6] |

On March 28, 2018, pro se Plaintiff Melina Razavi filed a letter complaint and an application to proceed in forma pauperis ("IFP"). ECF 1, 2. On May 17, 2018, Magistrate Judge Nathanael M. Cousins, to whom the case initially was assigned, granted the IFP application. Order, ECF 5. Judge Cousins, however, dismissed the complaint with leave to amend for failing to comply with the pleading requirements of Federal Rules of Civil Procedure 8 and 10 and for lack of federal subject matter jurisdiction. *Id.* Judge Cousins advised Razavi that he will recommend dismissing the case if an amended complaint was not filed by June 18, 2018. *Id.* at 6. On June 25, 2018, Judge Cousins directed that the case be reassigned to a district judge, and issued a Report and Recommendation ("R&R") that the case be dismissed for the reasons stated in his May 17, 2018 Order. R&R, ECF 6.

Razavi has not filed an objection to the R&R and the time to object has expired. *See* Fed. R.Civ. P. 6(d), 72(b)(2). The Court finds Judge Cousins' R&R and Order to be well-reasoned and correct in every respect, and ADOPTS the R&R in its entirety. In particular, the Court agrees with Judge Cousins' conclusion that the complaint fails to establish that this Court lacks subject matter

jurisdiction. The two main sources of subject matter jurisdiction are federal question jurisdiction (also known as "arising under" jurisdiction) and diversity jurisdiction. First, with respect to federal question jurisdiction, federal courts have original jurisdiction over civil claims "arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. A claim "arises under" federal law if, based on the "well-pleaded complaint rule," the plaintiff alleges a federal claim for relief. *Vaden v. Discovery Bank*, 129 S. Ct. 1262, 1272 (2009).

Here, the complaint fails to establish federal question jurisdiction. Although the complaint mentions "Civil Rights" and the "ADA," the complaint's allegations are directed to the pled state law claims including assault, battery, conspiracy, and fraud. The mere reference of a federal statute is insufficient to support federal question jurisdiction. *Easton v. Crossland Mortg. Corp.*, 114 F.3d 979, 982 (9th Cir. 1997) (holding that the "mere reference of a federal statute in a pleading will not convert a state law claim into a federal cause of action if the federal statute is not a necessary element of the state law claim and no preemption exists"). As such, the Court finds that the complaint does not establish federal question jurisdiction.

Turning to the whether there is diversity jurisdiction, the complaint must allege that the matter in controversy is between citizens of different states and the amount in controversy must exceed $75,000 to invoke diversity jurisdiction in an action involving U.S. citizens. 28 U.S.C. §1332(a)(1). Diversity jurisdiction requires "complete diversity," that "plaintiffs and each defendant be citizens of different states." *Allen v. Boeing Co.*, 821 F.3d 1111, 1115 (9th Cir. 2016). Here, the complaint does not allege the citizenship of any party, or an amount in controversy, so diversity jurisdiction is not satisfied.

Judge Cousins identified the above deficiencies in his screening order dismissing the complaint, and he granted Razavi an opportunity to amend the complaint by June 18, 2018. *See* Order. Razavi also had an opportunity to address the deficiencies by filing objections to Judge Cousins' R&R. However, Razavi has neither filed an amended complaint nor objected to the R&R. Because Razavi has failed to timely file an amended complaint, the Court finds that it is appropriate to dismiss the case at this time. Accordingly, this action is DISMISSED WITHOUT PREJUDICE. *See* Fed. R. Civ. P. 41(b); *Edwards v. Marin Park, Inc.*, 356 F.3d 1058, 1065 (9th

Cir. 2004) ("The failure of the plaintiff eventually to respond to the court's ultimatum . . . is properly met with the sanction of a Rule 41(b) dismissal.").

The Clerk shall close the file.

**IT IS SO ORDERED.**

Dated: July 16, 2018

BETH LABSON FREEMAN
United States District Judge